UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSE NOEL SANCHEZ, JOSE MORADEL, MARCOS CARMONA, and HORACIO ALBERTO FERRUFINO | CIVIL ACTION |
| VERSUS | CASE NO. 17-9116 |
| PIZZATI ENTERPRISES, INC., PIZZATI LABOR SERVICES, INC., MIRIAM PIZZATI, MARIA MURILLO, and TAYLOR ENTERPRISES OF LOUISIANA, LLC | SECTION: "G"(2) |

## ORDER

On September 15, 2017, Plaintiffs Jose Noel Sanchez, Marcos Carmona, Jose Moradel, and Horacio Alberto Ferrufino (collectively "Plaintiffs") filed a complaint against Defendants Pizzati Enterprises, Inc., Pizzati Labor Services, Inc., Miriam Pizzati, Maria Murillo, and Taylor Enterprises of Louisiana, LLC (collectively "Defendants") for relief under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").[1] Before the Court is a "Joint Motion to Approve Settlement and for Dismissal of All Claims."[2] Having considered the motion, the memorandum in support, and the record, the Court will defer its decision pending further briefing as to the parties' calculation of the overtime compensation award, the liquidated damages award, and the attorney's fee award and costs.

## I. Background

The complaint in this matter was filed on September 15, 2017.[3] The complaint alleges that

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 16.

[3] Rec. Doc. 1.

1

Defendants failed to pay Plaintiffs statutorily mandated overtime pay, in violation of the FLSA.[4] Through their complaint, Plaintiffs seek a declaratory judgment that Defendants' practices violate the FLSA and that such violation was willful, and unpaid overtime pay, liquidated damages, reasonable attorney's fees, costs, and interest.[5] On December 4, 2017, and December 27, 2017, Defendants filed their respective answers and defenses to Plaintiffs' complaint, denying Plaintiffs' allegations.[6] On May 21, 2018, the parties filed the instant motion for settlement approval and dismissal of all claims.[7]

## II. Parties' Arguments

The parties contend that they have agreed to settle this matter for a one-time payment to each Plaintiff as determined by "the total amount of overtime owed each individual during the relevant time period (as calculated by Plaintiffs' Counsel based on the information provided by Defendants."[8] The amounts calculated for each Plaintiff are: $3,500.00 as to Jose Noel Sanchez; $2,100.00 as to Jose Moradel; $2,700.00 as to Marcos Carmona; and $3,300.00 as to Horacio Alberto Ferrufino.[9] Further, the parties agree that "Defendants will pay to Plaintiffs' Counsel (on behalf of Plaintiffs) the amount of $8,400 representing attorneys' fees and costs."[10]

The parties assert that this settlement is a fair and reasonable resolution of a bona fide

---

[4] *Id.* at 4.

[5] *Id.* at 5.

[6] Rec. Docs. 8 & 10.

[7] Rec. Doc. 16.

[8] Settlement and Release Agreement (Rec. Doc. 16-2) at 2.

[9] *Id.* at 8.

[10] *Id.* at 3.

dispute.[11] This dispute arises from services and labor allegedly provided by Plaintiffs at various construction projects.[12] The parties note that a bona fide dispute exists as to "whether Defendants failed to properly compensate Plaintiffs for hours worked in excess of forty (40) in a workweek."[13] Specifically, the parties dispute "the amount of damages, whether Defendants' alleged FLSA violations were willful, whether liquidated damages should be assessed, and whether Defendants employed the Plaintiffs within the meaning of the FLSA or properly classified Plaintiffs as independent contractors."[14]

Defendants deny that Plaintiffs were employees rather than independent contractors and further deny any wrongdoing or liability with respect to Defendants' payments to Plaintiffs.[15] Defendant Taylor Enterprises of Louisiana, LLC also denies that "it is an appropriate entity to be sued in this case because it did not employ or engage the Plaintiffs in any capacity."[16] Thus, the parties assert that the settlement is a compromise of bona fide disputes of fact and law.[17]

Moreover, the parties contend that the settlement is fair and reasonable and was reached after "arm's length and good faith negotiations among counsel."[18]

---

[11] Rec. Doc. 16-1 at 3.

[12] Rec. Doc. 1 at 3.

[13] Rec. Doc. 16-1 at 2.

[14] *Id.*

[15] *Id.* at 3.

[16] *Id.*

[17] *Id.*

[18] *Id.* at 2.

### III. Law and Analysis

*A.    Legal Standard*

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."[19] If the settlement reflects "a reasonable compromise over issues," the court may approve it.[20] In such actions, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[21]

*B.    Analysis*

    **1.    Unpaid Overtime and Liquidated Damages**

The FLSA provides for actual damages in unpaid overtime and unpaid minimum wages, as well as an "additional equal amount as liquidated damages."[22] "A district court may decline to award liquidated damages if the court finds that the employer acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA."[23]

The settlement agreement provides for payment of a "Net Settlement Amount"[24] consisting of a one-time payment to each individual Plaintiff "determined by the total amount of overtime

---

[19] *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citations omitted); *see also* 29 U.S.C. § 216(b).

[20] *Villegas v. Regions Bank*, No. H–11–904, 2013 WL 76719, at *2 (S.D. Tex. Jan. 4, 2013).

[21] 29 U.S.C. § 216(b)

[22] *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) (citing 29 U.S.C. § 216(b)); *see also Ransom v. M. Patel Enters, Inc.*, 734 F.3d 377, 387 (5th Cir. 2013) (citing 29 U.S.C. § 216(b)).

[23] *Black*, 732 F.3d at 501 (citation and internal quotation marks omitted).

[24] The "Net Settlement Amount" is equal to "the Gross Settlement Amount [of $20,000.00] minus the total of (i) Plaintiffs' Counsel's attorneys' fees; and (ii) reimbursement of Plaintiffs' Counsel's costs and expenses." Rec. Doc. 16-2 at 2.

owed each individual during the relevant time period (as calculated by Plaintiffs' Counsel based on the information provided by Defendants)" in the amount of: $3,500.00 as to Jose Noel Sanchez; $2,100.00 as to Jose Moradel; $2,700.00 as to Marcos Carmona; and $3,300.00 as to Horacio Alberto Ferrufino.[25] In consideration for payment of these amounts,[26] the settlement agreement provides that Plaintiffs release "all claims that were made against Defendants in the Lawsuit, or that reasonably could have arisen out of the same facts alleged in the Lawsuit;" that Plaintiffs dismiss this lawsuit with prejudice; and that Plaintiffs "agree not to bring any future claims, proceedings, or lawsuit against Defendants . . . based on events occurring before the effective date of this Agreement that arise out of or relate in any way to claims arising under the FLSA or any other state wage, minimum wage, or overtime law."[27]

The parties do not indicate how many hours were worked but unpaid at the overtime rate, nor do they indicate the per hour rate that forms the basis for the settlement calculations. Moreover, the parties do not state whether a portion of the proposed payments represent liquidated damages. It is unclear, therefore, how the parties determined that their negotiated figures represent a fair and reasonable resolution of the dispute. Because the parties provide no explanation of how they arrived at their determination of the settlement amounts, the Court hereby orders the parties to provide additional briefing on this issue.

### 2.   Reasonable Attorney's Fees and Costs

"Determining a reasonable attorney's fee is a matter that is committed to the sound

---

[25] *Id.* at 2 & 8.

[26] This consideration includes the amount of $8,400 that Defendants agree to pay representing attorneys' fees and costs, discussed *infra*. *Id.* at 3.

[27] *Id.*

discretion of a trial judge, . . . but the judge's discretion is not unlimited."[28] "The burden is on the plaintiff to demonstrate the amount of attorney's fees, including any adjustment or enhancement."[29] A court abuses its discretion when it awards attorney's fees without "a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement."[30]

Courts in the Fifth Circuit engage in a two-step process to assess attorney's fees arising under the FLSA.[31] First, a lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[32] "[T]here is a strong presumption that the lodestar figure is reasonable."[33] However, after calculating the lodestar, a district court may decrease or enhance the amount of attorney's fees based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[34] The lodestar may

---

[28] *Perdue v. Kenny A. ex. rel. Winn,* 559 U.S. 542, 558 (2010) (internal quotations and citations omitted).

[29] *Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 225 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 901–02 (1984).

[30] *Perdue*, 559 U.S. at 558.

[31] Traditionally, courts have considered the factors set forth in *Johnson v. Georgia. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) when calculating attorney's fees. In *Perdue,* the Supreme Court noted that the *Johnson* factors were "[o]ne possible method" for determining reasonable attorney's fees, but that the factors "gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." 559 U.S. at 550-51 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)) (internal quotation marks omitted). Since *Perdue*, however, the Fifth Circuit and the Eastern District of Louisiana have continued to weigh the *Johnson* factors when considering whether to decrease or enhance the lodestar in FLSA attorney's fee cases. *See, e.g., Ransom,* 734 F.3d at 388; *Black,* 732 F.3d at 502; *J & J Sports Prods., Ins. V. Evolution Entm't Grp., LLC,* No. 13-5178, 2014 WL 6065601, at *4 (E.D. La. Nov. 12, 2014) (Morgan, J.); *Ahmed v. Bros. Food Mart, et al.*, No. 13-5948, Rec. Doc. 33 (E.D. La. Sept. 12, 2014) (Brown, J.).

[32] *Black*, 732 F.3d at 502.

[33] *Perdue*, 559 U.S. at 553–54.

[34] *Black,* 732 F.3d at 502 (5th Cir. 2013) (citing *Johnson,* 488 F.2d at 717–19). The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3)

6

not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account.[35] Such reconsideration is "impermissible double-counting."[36]

A lodestar reduction may be warranted by a plaintiff's failure to demonstrate billing judgment following settlement of a FLSA claim. In *Saizan v. Delta Concrete Products Co., Inc.*, the Fifth Circuit explained:

> [p]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment. Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgement.[37]

Here, the parties state that attorney's fees and costs will be awarded in the amount of $8,400.00.[38] However, they do not provide the Court with any information regarding the breakdown of this amount, the hourly rates charged by counsel, or the total number of hours expended on this case. Therefore, the Court cannot determine whether the proposed attorney's fee is reasonable considering the time expended by counsel. Accordingly, the Court will defer its decision on the fairness of the settlement pending further briefing as to the parties' calculation of

---

the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

[35] *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006) (citation omitted).

[36] *Id.*

[37] *Id.* at 799 (citations omitted).

[38] Rec. Doc. 16-2 at 3.

the attorney's fee award.

### IV. Conclusion

For the reasons stated above, the Court will defer its decision on the fairness of the settlement pending further briefing as to the parties' calculations of the overtime compensation award, the liquidated damages award, and the attorney's fee award and costs. Accordingly,

**IT IS HEREBY ORDERED** that the parties further brief the Court on their calculations of the overtime compensation award, the liquidated damages award, and the attorney's fee award and costs.

**IT IS FURTHER ORDERED** that the parties provide such additional briefing within fourteen (14) days of the date of this order.

**NEW ORLEANS, LOUISIANA**, this  9th  day of July, 2018.

                                             **NANNETTE JOLIVETTE BROWN**
                                             **CHIEF JUDGE**
                                             **UNITED STATES DISTRICT COURT**